

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-07-00102-CR

_____

FRANK ANDREWS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 35419-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Frank Andrews appeals from his conviction for burglary of a building. A jury convicted him and assessed his punishment at two years' confinement in a state-jail facility.

He contends that the trial court erred by instructing the jury to examine the evidence of his prior convictions before jury argument and deliberation on punishment, and that the evidence is legally and factually insufficient to support his conviction.

We first address the evidentiary contentions. In reviewing the legal sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000).

In a factual sufficiency review, we review all the evidence, but do so in a neutral light and determine whether the evidence supporting the verdict is so weak or is so outweighed by the great weight and preponderance of the evidence that the jury's verdict is clearly wrong or manifestly unjust. *Roberts v. State*, 220 S.W.3d 521, 524 (Tex. Crim. App. 2007); *Marshall v. State*, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006); *Watson v. State*, 204 S.W.3d 404, 414–15 (Tex. Crim. App. 2006); *Clewis v. State*, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996).

The evidence showed that computers and other business machines were stolen from the offices of Pro Test after closing hours. Robert Walker, the owner of a janitorial company, testified that he had waxed the floor of the Pro Test offices and left the building while it dried. He returned

2

later and found a maroon Ford Mustang parked outside, and also testified that he saw some computer equipment on the ground next to the car. When he went in, he thought that perhaps someone was working on the computers—he saw a person there, kneeling next to a desk. The person did not respond to his greeting, and the person walked outside and drove away. As Walker made the rounds of the office checking the wax, he saw a broken window and realized some equipment was missing. He telephoned the business owner, Steve Stidham, who called police. About $12,000 to $15,000 worth of equipment was taken in the burglary. None was recovered.

Several weeks after the encounter, Walker saw and recognized the Mustang and its driver. He took down the license number, which was relayed to police. Walker was shown a photographic lineup and he identified Andrews as the person who was inside Pro Test. There was also testimony from Stidham that Andrews had briefly been an employee of Pro Test.

Andrews contends that the evidence is insufficient because Walker did not see him in actual possession of the office equipment and because there was nothing else to connect him to the missing items. The items were never recovered, and there was no link to Andrews besides Walker's and Stidham's testimony. He argues that this constitutes nothing more than mere presence, and thus guilt has not been adequately proven. That is not, however, all that may be gleaned from the evidence. Items of the type stolen were seen on the ground next to the Mustang, there was no evidence of any valid reason for Andrews to be inside the building, and the building had been broken into. Walker

3

was able to identify Andrews, and the evidence shows that they were in close proximity inside the building.

There was evidence that at about 2:00 a.m. on the morning of February 27, 2006, Andrews was inside a building which had been broken into, that he left when confronted, and that items of the type stolen were on the ground next to his automobile. The jury can draw multiple reasonable inferences as long as each inference is supported by evidence presented at trial. The jury may not come to conclusions based on mere speculation or factually unsupported inferences or presumptions. *Hooper v. State*, 214 S.W.3d 9, 15–16 (Tex. Crim. App. 2007). Because of the time, the location, and the proximity of Andrews to the type of items stolen, this is evidence which could have been understood by a jury as more than mere presence at a crime scene, and from which it could reasonably infer that Andrews had broken into the building, taken the items, and left with them.

The evidence is legally and factually sufficient.

Andrews also argues that the court erred by directing the jury to examine the documentary proof of his prior convictions before argument on punishment. The record indicates that after closing, in the midst of discussing the jury charge, it became clear that part of the charge was missing, and while waiting for that part to be brought in, the court allowed the panel to return to the jury room.

> *THE COURT*: Folks, I'm going to let you do this: I'm going to let you go back in the jury room. You can review those documents. Be sure you bring them out when you come back out and we'll get this Charge going. We won't be long.

4

There was no objection to this procedure, and counsel has been unable to direct us to any authority that suggests that under these circumstances, it was necessarily error. The documents were in evidence, and even though the jury had not previously seen them, there is no convincing explanation made of why the jury should not have been allowed to do so before final arguments. Counsel suggests that this constituted a comment on the weight of the evidence, evidently based on the fact that Andrews had not been placed on the stand to establish that the jury might have the option of placing him on community supervision. Nevertheless, in any event, the documents were in evidence and would have been available to the jury to review.

Regardless of whether any error might exist, however, there was no objection to this procedure. In the absence of a timely objection, this claim of error has not been preserved for our review. *See* TEX. R. APP. P. 33.1.

We affirm the judgment.

Bailey C. Moseley
Justice

Date Submitted: February 20, 2008
Date Decided: February 21, 2008

Do Not Publish

5